UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHANDRA A. NEAL,

                  Plaintiff,                    Case No. 18-10709

v                                              District Judge Thomas L. Ludington
                                               Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____/

## ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER

Plaintiff Chandra A. Neal brings this action for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. In a prior application for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI), Administrative Law Judge (ALJ) Janet Alaga-Gadigian found Plaintiff disabled from April 28, 2011 through April 23, 2014, but not disabled after that date. (R. 9, PageID.104.)

Plaintiff then filed the present application for DIB on March 12, 2015, alleging that her disability began August 31, 2014. (R. 9, PageID.180.) The Commissioner denied the claim. (R. 9, PageID.120.) Plaintiff then requested a hearing, which occurred in front of ALJ Patricia McKay on November 30, 2016. (R. 9, PageID.52-84.) The ALJ issued a decision on February 21, 2017, finding Plaintiff not disabled during the relevant period. (R. 9, PageID.38-47.) On February 7, 2018, the Appeals Council denied review (R. 9, PageID.29-31) and Plaintiff filed her complaint in this Court on March 1, 2018. (R. 1.) She then filed the instant Motion for Summary Judgment on June 11, 2018. (R. 13) and the Commissioner countered with its own Motion in September (R. 15).

On January 31, 2019, Magistrate Judge Morris issued a report recommending that Plaintiff's motion for summary judgment be denied, the Commissioner's motion be granted, and the Commissioner's final decision denying benefits be affirmed. ECF No. 19. Plaintiff filed one objection to the report. ECF No. 20. For the following reasons, Judge Morris's report and recommendation will be adopted.

**I.**

**A.**

Neither party objects to Judge Morris's factual and procedural summary, which is incorporated herein by reference.

Following the five-step sequential analysis, the ALJ determined that Plaintiff was not disabled. (R. 9, PageID.46.) At step one, the ALJ found that the last date Plaintiff could claim insurance for (*i.e.*, the last date of insured status) was December 31, 2018, and that she had not engaged in substantial gainful activity since her alleged onset date of August 31, 2014. (R. 9, PageID.38.)[1] At step two, the ALJ concluded that Plaintiff had the following severe impairments:

> history of peripheral neuropathy, liver disease, chronic pancreatitis, gastritis, hypertension, herpes, carpal tunnel syndrome, generalized anxiety disorder, and major depressive disorder; alcohol abuse with neuropathy and polyneuropathy, degenerative disc disease of the lumbar spine with bulging discs; and bipolar disease.

(*Id.*)[2] At step three the ALJ decided these impairments did not meet or equal a listed impairment. (R. 9, PageID.41.)[3]

---

[1] The prior ALJ's decision determined that Plaintiff had not performed substantial gainful activity since April 28, 2011, (R. 9, PageID.94.)

[2] The prior decision did not find bipolar disease, degenerative disc disease, alcohol abuse with neuropathy and polyneuropathy, or herpes; it did find, however, hepatitis. (R. 9, PageID.94.) Otherwise, the lists are identical.

[3] The prior decision likewise found no disability, after April 24, 2014, at step three. (R. 9, PageID.95.)

Before proceeding to the final steps, ALJ McKay found that Plaintiff had the residual functional capacity (RFC) to perform

> sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: occasional crouching, crawling, kneeling, stooping/bending, and climbing of stairs; avoid workplace hazards such as dangerous moving machinery and unprotected heights; no climbing of ropes, ladders, or scaffolds; frequent grasping and gross manipulation with the bilateral upper extremities; frequent fingering and fine manipulation with the bilateral upper extremities; frequent foot control operation with the bilateral lower extremities; low stress work (self-paced and not at a production rate or involving team/tandem tasks): occasional contact with others; and simple, routine, and repetitive tasks.

(R. 9, PageID.42.)[4] At step four, the ALJ found that Plaintiff had not performed past relevant work since her previous disability application, which found her unable to perform any such work; the ALJ followed that prior decision. (R. 9, PageID.45, 100.) Finally, at step five, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy. (R. 9, PageID.45-46.)[5]

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply

---

[4] The prior decision's RFC by Judge Alaga-Gadigian was as follows:

> [T]he claimant had the residual functional capacity to perform sedentary work . . . except: sit/stand option; no push/pull with lower extremities; no foot control operation; no climbing ropes/ladders/scaffolds; no more than occasional climbing ramps/stairs; no more than occasional balancing, stooping, crouching, kneeling; no crawling; no more than frequent fine manipulation; avoid all exposure to hazardous machinery or unprotected heights; avoid all exposure to extreme cold/heat and vibration; unskilled jobs with simple, routine tasks; no production rate work; no interaction with the general public; occasional, at most, interaction with co-workers and supervisors; and 3 or more unexcused or unscheduled absences per month on an ongoing basis.

(R. 9, PageID.97.)

[5] As noted, Judge Alaga-Gadigian found Plaintiff disabled from April 28, 2011 until April 23, 2014. (R. 9, PageID.101.) However, she found that Plaintiff had improved as of April 24, 2014, and was no longer disabled. (R. 9, PageID.101-104.)

the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he

is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

### A.

Plaintiff filed one objection to Judge Morris's report, arguing that ALJ McKay should have been bound by ALJ Alaga-Gadigian's determination that Plaintiff was disabled during the closed period. Plaintiff contended that her conditions had deteriorated since the closed period and that ALJ McKay should have essentially accepted ALJ Alaga-Gadigian's conclusions for the later time period. In her report, Judge Morris rejected this argument. ECF No. 19. Her report provides

> Plaintiff contends that the ALJ was bound by the determinations of the prior ALJ awarding her benefits for a closed period.[6] (R. 12, PageID.856-857.) This argument involves the August 2014 decision by ALJ Alaga-Gadigian, which found Plaintiff disabled from April 28, 2011 until April 23, 2014. That decision was based, in part, on various neuropathic maladies that decreased her grip strength and sensation and made walking difficult. (R. 9, PageID.98-99.) In addition, ALJ Alaga-Gadigian noted that Plaintiff lacked energy, offered objective findings supporting her complaints, "required assistance with even minor tasks," and could not drive. (R. 9, PageID.99.)
>
> According to the prior decision, Plaintiff turned the corner on April 24, 2014, and was no longer disabled; in fact, ALJ Alaga-Gadigian determined that the impairments were no longer "severe" on this date. (R. 9, PageID.102-103.) By this point, the prior decision explained, Plaintiff was attending classes and waiting for an internship placement. (R. 9, PageID.102.) This suggested a more robust ability to deal with daily activities. (R. 9, PageID.103.) Further, the record after April 24 simply lacked evidence of continued difficulties. (*Id.*)
>
> ALJ McKay, in the present decision, noted that the prior determinations were generally binding but not here because new evidence demonstrated deterioration. (R. 9, PageID.42.) Plaintiff thinks that ALJ McKay was bound by the previous

---

[6] "'In a "closed period" case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision.'" *Gaines v. Comm'r of Soc. Sec.*, No. 1:16-cv-12793, at *8 (E.D. Mich. April 4, 2017) (citation omitted), *rep. & rec. adopted by* 2017 WL 2117990 (E.D. Mich. May 16, 2017).

determination finding disability. (R. 12, PageID.856.) She gets there by noting that the prior ALJ found that her impairments were no longer severe, but ALJ McKay disagreed, finding that they had become severe. (R. 12, PageID.857.) The renewed finding of severity, Plaintiff suggests, is enough to revivify the disability finding by means of *res judicata*. (*Id.*) She states, "It is submitted that since Neal's prior severe impairments recurred, the prior RFC of ALJ Alaga-Gadigian that was contained in Finding # 5 of the 2014 decision also recurred, requiring a finding of disabled." (*Id.*) No law is cited to support this result.

ECF No. 19 at 15–21.

Judge Morris then explained that under *Earley v. Commissioner*, "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold." 893 F.3d 929, 932 (6th Cir. 2018). Accordingly, *res judicata* does not "prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id.* at 931.

Judge Morris noted that "Plaintiff's reply brief…presses on as if *Earley* never happened." ECF No. 19 at 19. The same oversight exists in Plaintiff's objection to Judge Morris's report. Plaintiff mentions *Earley*, but does not explain how it relates to her *res judicata* argument and ALJ McKay. Instead, she recycles her previous line of arguments that ALJ Alaga-Gadigian's determination should have been considered *res judicata* upon ALJ McKay's determination. This is despite the fact that Plaintiff concedes that ALJ McKay considered "new and material medical evidence" which is consistent with the holding in *Earley*. ECF No. 20 at 4.

Plaintiff's brief mention of *Earley* is in the context of cautioning the application of principles of collateral estoppel in Social Security claims. Plaintiff concedes that her circumstances had changed from the closed period to the time her case was before ALJ McKay, but then argues that the RFC findings should not have been relitigated before ALJ McKay due to collateral

estoppel. Plaintiff reasons that ALJ Alaga-Gadigian already made a determination on Plaintiff's conditions and that they had only worsened over time. According to Plaintiff, this precluded ALJ McKay from making a determination on Plaintiff's condition.

However, Plaintiff does not address the Sixth Circuit's discussion of collateral estoppel in the context of Social Security cases.

> [I]ssue preclusion, sometimes called collateral estoppel, rarely would apply in this setting. That doctrine "foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved." But human health is rarely static. Sure as we're born, we age. Sometimes we become sick and sometimes we become better as time passes. Any earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have "actually litigated and resolved" whether a person was disabled at some later date.

*Earley v. Commission of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018) (citations omitted). Plaintiff herself admits that her condition had changed since the time of the closed period. As the Sixth Circuit states, "human health is rarely static." *Id.* As such, ALJ Alaga-Gadigian's decision did not preclude ALJ McKay from making a determination on Plaintiff's condition.

**B.**

In her motion for summary judgment, Plaintiff argues that ALJ Alaga-Gadigian determined that Plaintiff would have three or more unexcused days from work. ECF No. 12 at 3–4. Plaintiff contends that this precluded ALJ McKay from deciding the issue. However, as explained above, Judge Morris correctly found that ALJ Alaga-Gadigian's decision was not preclusive. Judge Morris explained

> Plaintiff attempts to find a patch of evidence that the ALJ overlooked, noting that the recent decision does not mention absences from work, but the prior decision did. (R. 14, PageID.912.) Again, however, the prior determination was not binding on subsequent periods. Thus, Plaintiff's real argument can only be that ALJ McKay should have found that Plaintiff would be absent three or more days per month. This is not a *res judicata* argument, but rather one implicating, among other things, Plaintiff's credibility. But she does not frame or develop that argument, and therefore has waived it. *Cf. McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir.

1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

ECF No. 19 at 20–21.

Plaintiff attempts to rectify the deficiency in her motion for summary judgment in her objections to Judge Morris's report. She argues that ALJ McKay's determination that Plaintiff could work in a competitive work environment was not supported by substantial evidence due to Plaintiff's necessary absences each month. ECF No. 20 at 6. Plaintiff claims that this was a "crucial factor and element" in her case because it related to whether she could work in a competitive work environment. *Id.* at 6–7. However, Plaintiff cannot present an argument for the first time in an objection to a report and recommendation. Additionally, Plaintiff's argument is not an objection to Judge Morris's report, but rather an objection to the ALJ's determination. Accordingly, her motion will not be granted.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's objection, ECF No. 20, are **OVERRULED**.

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 19, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 12, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 17, is **GRANTED.**

It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 22, 2019